**NATIONAL TREASURY EMPLOYEES UNION, et al, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF INTERNAL REVENUE SERVICE, and Office of Personnel Management, Defendants.**

No. A–89–CA–924.

United States District Court,
W.D. Texas,
Austin Division.

Aug. 31, 1992.

Anne Ellzey, Nat'l Treasury Employees Union, Austin, TX, Gregory O'Duden, National Treasury Employees Union, Director of Litigation, Kerry L. Adams, David F. Klein, Barbara A. Atkin, National Treasury Emp. Union, Washington, DC, for plaintiffs.

Roxanne McKee, U.S. Attys. Office, Austin, TX, Elise Shore, Elizabeth Pugh, Department of Justice, Civ. Div., Washington, DC, for defendants.

## JUDGMENT

SPARKS, District Judge.

BE IT REMEMBERED on the 31 July, 1992, came on to be heard and considered the Plaintiffs and the Defendants' cross-motions for summary judgment. The Plaintiffs and the Defendants were represented by counsel. Having considered the motions, the responses and the arguments of counsel and reviewed the file, the Court enters the following findings and judgment:

The United States Department of Internal Revenue Service (IRS) has designated certain employees as employees occupying "public trust" positions. As "public trust" employees, they are required to undergo background checks as a condition of employment and continued employment. The "public trust" employees are required to complete Standard Form 85P (SF–85P), "Questionnaire for Public Trust Positions." The majority of SF–85P is general employment application questions. However, one question, Question 19, inquires whether the employee has "used, possessed, supplied or manufactured illegal drug in the last five years and whether the employee has experienced any "problems" due to his or her use of illegal drugs or alcohol."

Question 19, labeled ILLEGAL DRUGS AND ALCOHOL, is divided into two sections; 19(a) and 19(b). Each section asks a question regarding prior alcohol and/or illegal drug use. 19(a) asks: "In the last 5 years, have you used, possessed, supplied, or manufactured any illegal drugs? When used without a prescription, illegal drugs include marijuana, cocaine, hashish, narcotics (opium, morphine, codeine, heroin, etc.), stimulants (cocaine, amphetamines, etc.), depressants (barbiturates, methaqualone, tranquilizers, etc.), hallucinogenics (LSD, PCP, etc.). (NOTE: The information you provide in response to this question will not be provided for use in any criminal proceedings against you, unless requested by the Department of Justice in connection with an independent investigation.)" 19(b) asks: "Have you experienced problems (disciplinary action, evictions, formal complaints, etc.) on or off a job from your use of illegal drugs or alcohol? (NOTE: Answer this question only if instructed to do so by the Agency.)" Question 19 continues, "If you answered 'Yes' to question a or b above, provide information relating to the types of substance(s), the nature of the activity, and any other details relating to your involvement with illegal drugs or alcohol. Include any treatment or counseling received." (emphasis in original).

If an employee refuses to answer Question 19, he is subject to disciplinary action, including termination.

Additionally, the employees are required to sign an "Authorization for Release of Information" which, among other things, authorizes the custodian of records to release this information to investigators, special agents, or other duly accredited representatives of any authorized Federal agency "regardless of any previous agreement to the contrary."

Plaintiff National Treasury Employees Union (NTEU) represents IRS employees.[1] Plaintiff NTEU Chapter 247 is the local chapter of the NTEU. Plaintiff Carrie Bravo is an IRS employee and a "public trust" employee required to complete SF–85P. Plaintiffs contend Question 19 is unconstitutional in that it violates the "public trust" employees', including Plaintiff Bravo, Fifth Amendment right against self-incrimination and Constitutional right to privacy, and seek injunctive relief prohibiting the Defendants from asking this question. The Plaintiffs contend Question 19(a) violates the privilege against self-incrimination secured by the Fifth Amendment of the Constitution, and Question 19(b) violates the privilege against self-incrimination and the Constitutional right to privacy. The Plaintiffs contend the Fifth Amendment is violated because the IRS is "[f]orcing IRS employees, under pain of losing their jobs, to reveal whether they have used, possessed, supplied, or manufactured illegal drugs, without giving them adequate recorded guarantees of criminal use immunity." The Plaintiffs contend Question 19(b) "requiring employees to disclose 'problems' experienced off the job from alcohol and drug use, without effect on their performance on the job, violates employees' constitutional right to privacy by inquiring into intimate personal matters in an overbroad manner and without substantial justification."

The Defendants contend they are entitled to summary judgment because Question 19 does not violate the employees' right to privacy or the right against self-incrimination. The Defendants insist Question 19 does not violate the right against self-incrimination because the question does not compel them to "simultaneously waive their privilege against self-incrimination or suffer the penalty of job loss. Although defendant [Office of Personnel Management] may report to the Attorney General information related to an IRS employee's violation of the criminal drug laws obtained as a result of an employee's answer to the questions, the Attorney General is, by operation of law, prohibited from using any such information as a basis for criminal prosecution." The Defendants contend Question 19(b) "does not violate the employees' constitutional right to privacy since the nature of the information requested in this question does not implicate any aspect of personal intimacy entitled to constitutional

---

1. The parties agree that this suit only affects and determines the rights of existing employees. Applicants are not a party to this suit or before the Court. Whether the Defendants may ask applicants seeking employment these questions is not an issue before the Court.

protection. Moreover, to the extent that employees may have a privacy interest in this information, the government interest in obtaining this information outweighs the individual's privacy interest."

This Court has jurisdiction under 28 U.S.C. § 1331.

### Standing

█ The Defendants challenge Plaintiff National Treasury Employees Union's standing to bring this cause of action. They allege it lacks standing because the injuries are speculative and the rights are personal to the employees and cannot be asserted by the union. This argument need not delay the Court long; the union has standing. *See, National Federation of Federal Employees v. Greenberg,* 789 F.Supp. 430, 433 (D.D.C. 1992).

### Fifth Amendment Right Against Self–Incrimination

The Fifth Amendment provides, in relevant part, no person shall "be compelled in any criminal case to be a witness against himself." The guarantee is commonly encountered in criminal cases; such as the requirement of *Miranda* warnings before questioning a suspect or when a criminal defendant chooses not to testify in his defense. In *Garrity v. State of New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), the Supreme Court extended the guarantee to public employment situations.

In *Garrity,* New Jersey officials were investigating an alleged traffic ticket fixing scheme. As part of the investigation, they questioned a number of police officers. Before the police officers answered any questions, the New Jersey officials instructed them anything they said could be used against them in a subsequent criminal proceeding, they could refuse to answer the questions, but if they refused to answer, they could be terminated. The police officers answered the questions. At the police officers' subsequent prosecutions for conspiracy to obstruct the administration of the traffic laws, the prosecution introduced the officers' statements over the officers' objections that the statements were coerced. The officers were convicted and appealed. The Supreme Court agreed with the officers, stating, *Garrity,* 385 U.S. at 497–498, 87 S.Ct. at 618–619,

> The choice given petitioners was either to forfeit their jobs or to incriminate themselves. The option to lose their means of livelihood or to pay the penalty of self-incrimination is the antithesis of free choice to speak out or to remain silent. . . . We think the statements were infected by the coercion inherent in this scheme of questioning and cannot be sustained as voluntary under our prior decisions. (citation and footnote omitted)

The Court reversed the officers' convictions, holding, *Garrity,* 385 U.S. at 500, 87 S.Ct. at 620,

> . . . the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under the threat of removal from office, and that it extends to all, whether they are policemen or other members of our body politic.

In *Gardner v. Broderick,* 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968) and its companion case *Uniformed Sanitation Men Association v. Commissioner of Sanitation of the City of New York,* 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968), the Supreme Court, however, addressed the issue whether a public employer can terminate a public employee who refuses to waive his Fifth Amendment immunity and answer questions. In both cases, the Court held it cannot. The direct issue before the *Gardner* and *Uniformed Sanitation Men*'s Court was whether a public employer can require an employee to waive his Fifth Amendment rights and answer questions. The Supreme Court addressed the issue before this Court, what type of questions can a public employer ask employees, in dicta. In both cases, the Court stated a public employer may compel an employee to "answer [possibly incriminating] questions specifically, directly and narrowly relating to the performance of his official duties" provided the employee is not required to waive his Fifth Amendment Rights. *Gardner,* 392 U.S. at 278, 88 S.Ct.

**218**

at 1916;[2] *Uniformed Sanitation Men Association*, 392 U.S. at 284, 88 S.Ct. at 1920. This rule has been upheld by subsequent decisions. *See e.g., Lefkowitz v. Turley*, 414 U.S. 70, 84, 94 S.Ct. 316, 325–326, 38 L.Ed.2d 274 (1973); *Gulden v. McCorkle*, 680 F.2d 1070, 1975 (5th Cir.1982).

▮ The key to avoiding conflict with the Fifth Amendment is that the public employer's questions must "specifically, directly and narrowly" relate to the employee's performance of his official duties. It is unquestionable that there is the possibility Question 19 will elicit incriminating statements. The employees required to answer question 19 are described as clerks. Their official duties include answering questions posed by the public, providing information to the public, investigating records and filing. Questions relating to off-duty current and/or past drug use and problems relating to drugs and/or alcohol are not "specifically, directly and narrowly related" to the employee's performance of their official duties. Consequently, Question 19 violates the employees' Fifth Amendment rights.

*Right to Privacy*

▮ Individuals are Constitutionally protected against invasions of their privacy by the government. *See, Whalen v. Roe*, 429 U.S. 589, 598–600, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977); *American Civil Liberties Union of Mississippi, Inc. v. State of Mississippi*, 911 F.2d 1066, 1069 (5th Cir.1990); *Plante v. Gonzalez*, 575 F.2d 1119, 1127 (5th Cir.1978). This includes the freedom from disclosing personal matters to the government (the confidentiality strand) and the freedom to make certain kinds of decisions without government interference (the autonomy strand). *Whalen*, 429 U.S. at 598–600, 97 S.Ct. at 876; *Plante*, 575 F.2d at 1128. The autonomy strand involves "matters relating to marriage, procreation, contraception, family relationships, and child rearing education." *Plante*, 575 F.2d at 1128 (*quoting, Paul v. Davis*, 424 U.S. 693, 713, 96 S.Ct. 1155, 1166,

47 L.Ed.2d 405 (1976)). The confidentiality strand includes the right to be free from the government inquiring into private facts or disclosing private facts about an individual without a legitimate reason. *Whalen*, 429 U.S. at 600, 97 S.Ct. at 877; *Ramie v. City of Hedwig Village, Texas*, 765 F.2d 490, 492 (5th Cir.1985).

▮ This case involves the "inquiring into" arm of the confidentiality strand because Question 19(b) requires the employees to disclose information to the government. It is the mere asking of this question that the employees claims violates their Constitutional right of privacy. The Court must decide whether the government's legitimate interest in collecting this information outweighs the individuals' privacy interests. *Woodland v. City of Houston*, 940 F.2d 134, 138 (5th Cir.1991); *Ramie*, 765 F.2d at 492; *Plante*, 575 F.2d at 1128. The Constitution only protects against invasions of privacy involving the most intimate of human affairs. *Ramie*, 765 F.2d at 492.

▮ The Constitution protects individuals from having to disclose personal matters. *Whalen*, 429 U.S. at 599, 97 S.Ct. at 876; *Plante*, 575 F.2d at 1132. An employee's "problems" relating to alcohol and illegal drug use are intimate and highly personal information. It is undeniable that it is a personal matter; as the courts found in *National Federation of Federal Employees v. Greenberg*, 789 F.Supp. 430, 435 (D.D.C.1992) and *American Federation of Government Employees v. United States Railroad Retirement Board*, 742 F.Supp. 450, 454 (N.D.Ill. 1990).

▮ The Defendants have not presented a legitimate reason why they need this information that outweighs the employees' privacy interests. The Defendants admit the information will be required of all employees, including employees who have satisfactory or above satisfactory work performance. The Defendants suggest this information is necessary to determine the suitability of an em-

---

2. The Court made a distinction between testimony and a public employer's questions. An employee may be compelled to testify on any matter provided he is granted immunity. However, in a public employment situation, the public employer may only ask questions that "specifically, directly and narrowly" relate to the performance of the employee's official duties.

ployee; an employee performing his or her job responsibilities competently. However, the Defendants have failed to produce any evidence that off-duty drug and/or alcohol use affects an employee's suitability and in fact concede that this information may have no bearing on an employee's ability to do his work. The Defendants also contend a presidential executive order decrying the use of illegal drugs creates a legitimate governmental interest that outweighs the employees' privacy interest. The Court does not see how this creates a legitimate government interest in collecting this information. The Defendants admit that an employee's use of illegal drugs and/or alcohol off-duty may have no affect on his ability. And, even if it creates a legitimate government interest, it certainly does not outweigh the employee's privacy interest. The Defendants have failed to present a legitimate governmental interest that outweighs the employees' privacy interest. So, question 19(b), in addition to violating the employees' Fifth Amendment rights, violates the employees' Constitutional right to privacy.

This judgment does not preclude the Defendants from asking for the information called for in Question 19 when an employee is not adequately accomplishing his or her employment responsibilities and/or appears to be suffering from drug and/or alcohol abuse.

IT IS ORDERED that the Plaintiff's motion for summary judgment is GRANTED and the Defendants are enjoined from asking Question 19 on SF–85P.

IT IS ORDERED that the Defendants are enjoined from using any answers supplied in response to Question 19 on any SF–85P in conducting any investigation or in making any employment decisions regarding the effected employees.

IT IS ORDERED that the Defendants return to the affected employees all copies of any answers supplied in response to Question 19 on any SF–85P.

IT IS ORDERED that the Defendants' motion for summary judgment is DENIED.